# In the United States Court of Federal Claims

No. 19-1308C
(Filed Under Seal:  January 8, 2020)
(Reissued for Publication:  January 24, 2020)*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| HVF WEST, LLC, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | *   Postaward Bid Protest; Motion for |
| | *   Reconsideration; RCFC 59; |
| THE UNITED STATES, | *   Motion for Relief from a Judgment |
| | *   RCFC 60 |
| Defendant, | * |
| | * |
| and | * |
| | * |
| LAMB DEPOLLUTION, INC., | * |
| | * |
| Defendant-Intervenor. | * |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

E. Sanderson Hoe, Washington, DC, for plaintiff.

Margaret Joy Jantzen, United States Department of Justice, Washington, DC, for defendant.

Shar Bahmani, Scottsdale, AZ, for defendant-intervenor.

## **OPINION AND ORDER**

**SWEENEY**, Chief Judge

        Defendant-Intervenor Lamb Depollution, Inc. ("Lamb") moves, pursuant to Rule 59 of the Rules of the United States Court of Federal Claims ("RCFC"), for reconsideration of the court's November 26, 2019 opinion and order in which it enjoined the government from continuing performance of their contract.  In the alternative, Lamb moves for relief from the judgment pursuant to RCFC 60.  For the reasons discussed below, the court denies Lamb's motion.

---

        * The court initially issued this Opinion and Order under seal with instructions for the parties to propose any redactions.  The parties did not propose any redactions.

# I. BACKGROUND

On February 27, 2019, the Defense Logistics Agency Disposition Services ("DLA") issued solicitation A0007598—an invitation for bids for a contract to purchase and destroy United States military property.[1]  Administrative R. 174.  In the solicitation, the DLA stated that the award would "be based on the highest priced, responsive, responsible bidder, and other factors, whose bid is the most advantageous to the [United States] Government . . . ."  Id. at 187.  The DLA further explained that the Sales Contracting Officer ("SCO"), when making an award decision, would consider various elements, including, as relevant here, a bidder's (1) treatment, storage, and disposal facility ("TSDF") plan, and (2) financial responsibility.  Id. at 188-89.  A bidder, in its TSDF plan, needed to submit

> [the i]dentification and description of at least one temporary storage facility meeting [the] requirements of 40 CFR [§] 761.65 . . . ; [t]he procedures for identification, removal, treatment and temporary storage of PCB items . . . ; and [t]he Environmental Protection Agency . . . identification number of the facility where demilitarization, mutilation and remediation is to be accomplished.

Id. at 189.  With respect to financial responsibility, the DLA requested that each bidder "[p]rovide a cost projection with regard to each contract operation."  Id.  For both criteria, the bidder needed to submit the information in a manner that "conform[s] to the requirements set forth in th[e] solicitation."  Id.  A bidder who failed to provide satisfactory information for those criteria would be deemed not responsible, and thus be ineligible for an award.  Id. at 187, 189.

After reviewing the bids, the SCO notified Lamb that it was the apparent highest bidder and asked Lamb to submit documentation concerning its TSDF plan and financial responsibility.  Id. at 64.  Lamb submitted a printout from the Arizona Department of Environmental Quality's website containing information on why a facility needs a hazardous waste TSDF permit, and a letter from its bank reflecting Lamb's financial resources.  The SCO subsequently issued a Notice of Award to Lamb.  Id. at 148, 151.

On August 28, 2019, HVF West, LLC ("HVF") filed its protest in this court alleging various errors in the SCO's evaluation.  HVF, slip op. at 9.  The court sustained the protest on the grounds that the SCO failed to follow the evaluation process with respect to the TSDF plan and financial responsibility criteria.  Id. at 21-23.  Turning first to financial responsibility, the court explained:  "Under the solicitation, a bidder was required to submit its cost projections to be eligible for an award.  Because Lamb did not submit its cost projections, the SCO failed to follow the terms of the Solicitation."  Id. at 22.  Next, the court addressed the TSDF plan and noted:

> To receive an award, a bidder needed to submit a TSDF plan detailing, among other things, its temporary storage facility meeting the requirements of 40 C.F.R. § 761.65, its procedures for dealing with polychlorinated biphenyls, and the EPA

---

[1]  The court provided a more detailed description of the facts in its merits decision.  See HVF West, LLC v. United States, No. 19-1308C, slip op. at 2-10 (Fed. Cl. Dec. 6, 2019).

identification number for its facility.  Lamb did not submit such a plan.  Because
Lamb failed to submit the materials necessary to receive a contract, the SCO
failed to follow the terms of the solicitation when he awarded Lamb a contract.

Id.  After concluding that the aforementioned errors were prejudicial, the court enjoined
the DLA

> from continuing performance on the contract awarded to Lamb pursuant to the
> solicitation at issue in this protest, [and] directed the SCO to cancel the contract
> awarded to Lamb, and further direct[ed] the SCO to either (1) select a new
> awardee from among the existing bidders in accordance with the terms of
> solicitation A0007598 or (2) issue a new solicitation.

Id. at 27.  Lamb filed the instant motion on December 24, 2019, and the court deemed
responsive briefing unnecessary.  The motion is now ripe for adjudication.

## II.  STANDARD OF REVIEW

A motion for reconsideration is a request for "extraordinary" relief and is not an avenue
for a dissatisfied party to simply relitigate the case.  Caldwell v. United States, 391 F.3d 1226,
1235 (Fed. Cir. 2004); Four Rivers Invs., Inc. v. United States, 78 Fed. Cl. 662, 664 (2007); Fru-
Con Constr. Corp. v. United States, 44 Fed. Cl. 298, 300 (1999), aff'd per curiam, 250 F.3d 762
(Fed. Cir. 2000) (unpublished table decision).  Thus, such a motion does not allow a party to
raise arguments that it failed to raise previously or reassert arguments that have already been
considered.  Four Rivers Invs., 78 Fed. Cl. at 664.  Pursuant to RCFC 59(a)(1), the court "may
grant a motion for reconsideration when there has been an intervening change in the controlling
law, newly discovered evidence, or a need to correct clear factual or legal error or prevent
manifest injustice."  Biery v. United States, 818 F.3d 704, 711 (Fed. Cir. 2016) (internal
quotation marks omitted).  A decision on a motion for reconsideration is within the discretion of
the trial court.  See Entergy Nuclear FitzPatrick, LLC v. United States, 711 F.3d 1382, 1386
(Fed. Cir. 2013) (explaining that a decision on a motion for reconsideration is reviewed on
appeal for abuse of discretion).

A motion for relief from a judgment is similarly an extraordinary remedy.  Wagstaff v.
United States, 118 Fed. Cl. 172, 175, aff'd, 595 F. App'x 975 (Fed. Cir. 2014).  Under RCFC
60(b), the court may relieve a party from a final judgment or order for a variety of reasons.  Of
particular import here, given Lamb's central thesis, is the catch-all provision:  "any other reason
that justifies relief."  RCFC 60(b)(6).  Reconsideration may be appropriate under that provision if
a party presents a previously undisclosed fact that is so central to the litigation that the initial
judgment was manifestly unjust.  Salazar ex rel. Salazar v. District of Columbia, 633 F.3d 1110,
1121 (D.C. Cir. 2011); see also Fiskars, Inc. v. Hunt Mfg. Co., 279 F.3d 1378, 1382 (Fed. Cir.
2002) ("Rule 60(b)(6) is available only in extraordinary circumstances and only when the basis
for relief does not fall within any of the other subsections of Rule 60(b)."); Infiniti Info. Sols.,
LLC v. United States, 93 Fed. Cl. 699, 706 (2010) (explaining that a court engaged in a RCFC
60(b) analysis considers whether the party was at fault for its predicament).

## III. ANALYSIS

Lamb first argues that reconsideration is appropriate because the financial distress it is suffering as a result of the court's order that DLA stop performance on the contract is the type of manifest injustice that warrants relief.  In support of that argument, Lamb provides new evidence—in the form of declarations from three Lamb officials—reflecting that it made significant expenditures for contract performance, laid off a number of employees, and incurred meaningful opportunity costs.  Lamb could have raised its contention regarding financial distress as part of its argument on injunctive relief during the merits briefing, but Lamb did not do so.[2] Thus, the facts related to its financial hardship are not grounds for granting a motion for reconsideration.  See Four Rivers Invs., 78 Fed. Cl. at 664.

Lamb next argues that the court should reconsider its decision based on new facts, not contained in the administrative record or previously presented to the court, that indicate that the SCO had sufficient information to conclude that Lamb satisfied the TSDF plan and financial responsibility criteria.  The new information reflects, in relevant part, Lamb's prior experience and its executives' conversations with the SCO during the evaluation stage.  Lamb did not seek to introduce that information (via a motion to supplement the administrative record) during briefing on the merits of HVF's protest, and there is no indication that the information was unavailable to Lamb during that time period.  Because Lamb bases this portion of its motion for reconsideration on additional evidence that was previously available, it is attempting to raise arguments that it could have raised previously, but did not.  Reconsideration is not warranted in such circumstances.  See id.; see also Yankton Cty., S. Dakota v. United States, No. 17-488L, 2018 WL 542698, at *2 (Fed. Cl. Jan. 24, 2018).

Turning next to Lamb's motion for relief from the judgment, the threshold question is whether Lamb has presented new information that is central to the litigation regarding the SCO's evaluation of Lamb's TSDF plan and financial responsibility.[3]  With respect to the TSDF plan, Lamb now proffers evidence that it informed the SCO that it did not expect that its operations would be subject to 40 C.F.R. § 761.65 because of its experience working on a similar contract. Lamb argues that, based on the new evidence, the SCO rationally concluded that Lamb submitted sufficient information for the TSDF plan.  Lamb's belief that section 761.65 would not apply to its operations, however, is of no import because, pursuant to the terms of the solicitation, a bidder could only be an awardee if it identified a facility meeting the requirements set forth in that regulation.  As to financial responsibility, Lamb provides new evidence reflecting that it worked on similar contracts with the DLA and explained to the SCO that it expected to perform the disputed contract in a similar manner.  Lamb argues that such information, coupled with its bank letter, was sufficient for the SCO to rationally conclude that

---

[2]  Notably, Lamb's discussion of whether injunctive relief was appropriate was limited to contending that HVF had not prevailed on the merits.  It did not assert that the balancing of harms weighed in its favor due to the financial distress it would incur as a result of an injunction.

[3]  There are other potential bases for relief from a judgment.  See RCFC 60(b).  But Lamb does not pursue those avenues and instead limits its argument to whether the initial judgment was unjust because there are previously undisclosed facts that are central to the litigation.

Lamb understood the expected costs and was capable of absorbing those costs.  Lamb's argument, however, misses the core issue:  pursuant to the terms of the solicitation, the SCO could only award a contract to a bidder who submitted cost projections, which Lamb did not do.

In sum, Lamb has failed to demonstrate that reconsideration or relief from a judgment is warranted.

## IV.  CONCLUSION

For the reasons discussed above, the court **DENIES** Lamb's motion for reconsideration or relief from the judgment.  The court has filed this ruling under seal.  The parties shall confer to determine proposed redactions to which all the parties agree.  Then, by **no later than Wednesday, January 15, 2020,** the parties shall file a joint status report indicating their agreement with the proposed redactions, **attaching a copy of those pages of the court's ruling containing proposed redactions, with all proposed redactions clearly indicated**.  The parties also shall, **by the same date,** file any redacted versions of documents they filed under seal in this case to the extent such redacted versions have not already been filed.

**IT IS SO ORDERED.**

s/ Margaret M. Sweeney
MARGARET M. SWEENEY
Chief Judge